UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI,

        Plaintiff,

v.

MICHIGAN OFFICE OF RETIREMENT
SERVICES, *et al.*,

        Defendants.
_____/

No. 23-13172

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION [9]**

Plaintiff John Kelmendi alleges discrimination and retaliation as a result of the denial of his pension funds and medical insurance in this pro se lawsuit. Plaintiff named the Michigan Office of Retirement Services ("ORS"); its director, Michelle Lange; the Detroit Board of Education; and the Detroit Public Schools as defendants in his original complaint. (ECF No. 1.) Plaintiff also filed an application to proceed without prepaying fees or costs ("IFP"). (ECF No. 2.) Upon review of the complaint and application, the Court issued an order granting Plaintiff's request to proceed IFP, dismissing Plaintiff's claims against the ORS and Lange, and ordering service of the complaint upon the remaining defendants, the Detroit Board of Education and Detroit Public Schools. (ECF No. 5.) The matter is now before the Court on Plaintiff's motion for reconsideration. (ECF No. 9.) Plaintiff asks the Court to reconsider its dismissal of his claims against Lange.

In its order, the Court dismissed the ORS because the Eleventh Amendment protects arms of the state from private civil suits in federal court. *See Ernst v. Rising*, 427 F.3d 351, 358-59 (6th Cir. 2005). The Court also noted that because Plaintiff names

1

Lange in her official capacity as a director in that state agency, the same Eleventh Amendment immunity precludes Plaintiff from pursuing any claims for monetary damages against her. *See Steele-Brown v. Stoddard*, 192 F. Supp. 3d 812, 822-23 (E.D. Mich. 2016). Plaintiff now states that he brings a claim under 42 U.S.C. § 1983 against Lange in her individual capacity. More specifically, he asserts that she failed to exercise her authority to properly process his application for benefits.

To prevail under § 1983, a plaintiff must allege the personal involvement of a defendant in the allegedly unconstitutional conduct. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-92 (1978). Moreover, a mere failure to act is insufficient to establish supervisory liability. *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016). Thus, Plaintiff fails to state a claim under § 1983 against Lange.

Plaintiff also mentions Title VII. But "Title VII applies only to 'employers.'" *See Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 611 (6th Cir. 2003) (quoting 42 U.S.C. § 2000e-2). Plaintiff does not allege that Lange was his employer and only names her as a defendant because she is a director in the state retirement system. Thus, any Title VII claim against her fails.

In sum, even though Eleventh Amendment immunity does not apply to claims brought against a defendant in her individual capacity, Plaintiff fails to state a claim against Lange and, therefore, her dismissal remains appropriate.[1] Accordingly, Plaintiff's motion for reconsideration is DENIED.

---

[1] Under 28 U.S.C. § 1915(e)(2)(B), the Court is obligated to dismiss a complaint brought in forma pauperis if it "fails to state a claim on which relief may be granted."

SO ORDERED.

s/Nancy G. Edmunds<br>Nancy G. Edmunds<br>United States District Judge

Dated: April 8, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 8, 2024, by electronic and/or ordinary mail.

s/Holly Ryan<br>Case Manager