UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI,

        Plaintiff,

v.

DETROIT BOARD OF
EDUCATION and DETROIT
PUBLIC SCHOOLS,

        Defendants.

_____/

Case No: 23-13172

Honorable Nancy G. Edmunds
Magistrate Judge Curtis Ivy, Jr.

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION
TO GRANT DEFENDANTS' MOTION TO DISMISS [17]**

    This lawsuit was filed by *pro se* Plaintiff John Kelmendi against Defendants the Detroit Board of Education and Detroit Public Schools.[1] (*See* ECF No. 14.) Defendants filed a motion to dismiss on March 5, 2024. (ECF No. 11). Plaintiff amended his complaint, and Defendants filed a second motion to dismiss. (ECF Nos. 14; 17). Plaintiff filed two responses to the second motion to dismiss. (ECF Nos. 19; 23). The case was referred to Magistrate Judge Curtis Ivy, Jr. for all pre-trial matters. (ECF No. 6.) Before the Court is the Magistrate Judge's report and recommendation to grant Defendants' motion to dismiss the first amended complaint for failure to state a claim. (ECF No. 17.) Plaintiff filed an objection to the report.[2] (ECF No. 28.) For the reasons below, the Court

---

[1] Though Plaintiff named them in his Amended Complaint filed on March 14, 2024, the Court dismissed claims against the Michigan Office of Retirement Services and its director, Michelle Lange, on January 22, 2024. (ECF No. 5, PageID.22.)

[2] Plaintiff filed a Response to the Report and Recommendation, which the Court will treat as an objection. (*See* ECF. No. 28.)

1

OVERRULES Plaintiff's objection and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.

When considering a report and recommendation from a magistrate judge, the Court reviews *de novo* those portions of the report and recommendation to which timely objections have been made. *See* 28 U.S.C. §636(b)(1). Thereafter, the Court "may accept, reject, or modify, in whole or in part" the report and recommendation. *Id. See also* Fed. R. Civ. P. 72(b)(3). Objections that lack specificity or those that restate arguments previously presented or simply disagree with the magistrate judge's conclusions should be overruled. *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017); *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). The Court is not "required to articulate all of the reasons it rejects a party's objections," if it does not sustain those objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).

Here, Plaintiff specifically objects to the report's conclusion regarding his tortious interference claim, stating that the existence of an employment contract between Detroit Public Schools and its employees should be understood. (ECF No. 28, PageID177.) However, Plaintiff fails to provide additional facts regarding this claim that would allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The remainder of Plaintiff's objection repeats the same arguments made in opposition to Defendants' motion. "This Court is not obligated to address objections made in this form because the objections fail to identify

the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted).

Having reviewed the record, the Court agrees with the Magistrate Judge's thorough analysis of the issues and his conclusions. Thus, the Court OVERRULES Plaintiff's objection and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 24). Accordingly, Defendant's motion to dismiss the original complaint (ECF No. 11) is DISMISSED as MOOT, and Defendant's motion to dismiss the amended complaint is DISMISSED for failure to state a claim.

SO ORDERED.

        s/ Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: January 10, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 10, 2025, by electronic and/or ordinary mail.

        s/ Marlena Williams
        Case Manager